J. S59044/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
                Appellee :
:
          v. :
:
MICHAEL C. CANNON, :
:
               Appellant : No. 845 WDA 2015

Appeal from the Judgment of Sentence December 15, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0001075-2014
                          CP-02-CR-0001076-2014
                          CP-02-CR-0001107-2014
                          CP-02-CR-0001610-2014
                          CP-02-CR-0001611-2014
                          CP-02-CR-0002486-2014
                          CP-02-CR-0002488-2014
                          CP-02-CR-0002506-2014

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:         **FILED OCTOBER 15, 2015**

Appellant, Michael C. Cannon, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas after he entered an open guilty plea to numerous counts of burglary,[1] theft,[2] and related offenses. Appellant claims the aggregate sentence of six to twelve years' imprisonment followed by three years' probation was "clearly unreasonable,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3502(a)(2).

[2] 18 Pa.C.S. § 3921(a).

unduly harsh[,] and manifestly excessive." Appellant's Brief at 8. We affirm.

On January 3, 2014, detectives from Ross Township and West View Borough arrested Appellant. Appellant confessed to committing numerous burglaries and other offenses between October 2013 and January 2014. Appellant was charged in the following criminal cases: (1) CR-1075-2014, burglary of the home of Joseph Halder; (2) CR-1076-2014, burglary of the home of John Gaisor; (3) CR-1107-2014, burglary of the homes of Dennis Carleton and Christopher Banks; (4) CR-1610-2014, burglary of the home of Christopher Meyer and Nathaniel Vickinovac; (5) CR-1611-2014, burglary of the home of Timothy Knable; (6) CR-2486-2014, a burglary of the home of Appellant's parents; (7) CR-2488-2014, a separate burglary of the home of his parents; and (8) CR-2506-2014, a separate theft of a firearm from his parents. On October 1, 2014, Appellant entered open guilty pleas to all charges.

On December 15, 2014, the trial court sentenced Appellant to an aggregate six to twelve years' imprisonment, followed by three years' probation. Specifically, the court imposed three terms of two to four years' imprisonment each in CR-1075-2014, CR-1076-2014, and CR-1610-2014, to run consecutively, as well as a consecutive term of three years' probation in CR-2506-2014. The court also imposed concurrent two-to-four year sentences in each of the remaining cases, as well as a three-year

probationary term in CR-2488-2014, to run concurrent with the probationary term in CR-2506-2014.

On December 23, 2014, Appellant's plea counsel filed timely a post-sentence motion challenging the sentence and requesting an extension of time to file a brief. At the same time, plea counsel requested leave to withdraw from representation. The trial court granted both the leave to withdraw and the request to extend the time to file a brief. Present counsel entered his appearance on January 12, 2015, and filed a brief in support of Appellant's sentencing challenge. Appellant's post-sentence motion was denied on May 26, 2015, by an order entered by operation of law. Appellant filed a timely notice of appeal the following day. The court did not order a Pa.R.A.P. 1925(b) statement but filed an opinion in support of its sentence.

Appellant's sole contention in this appeal is that the trial court abused its discretion when sentencing. He asserts the aggregate sentence was "manifestly excessive" and the trial court "focused on the seriousness of the offense and failed to consider [the] protection of the community or [his] rehabilitative needs." Appellant's Brief at 8, 18-19. No relief is due.

Appellant has complied with the procedural requirements for preserving a challenge to the discretionary aspects of his sentence by (1) timely filing a post-sentence motion raising the claim, (2) timely filing a notice of appeal, and (3) including in his brief a Pa.R.A.P. 2119(f) statement of the reasons for relied upon for allowance of appeal. ***See***

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265-66 (Pa. Super.),

*appeal denied*, 104 A.3d 1 (Pa. 2014). Therefore, we consider whether

Appellant has raised a substantial question. ***See id.*** (citation omitted).

It is well settled that

> [w]hether a particular challenge to a sentence amounts to a substantial question is determined on a case-by-case basis. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

***Id.*** at 1266 (citations omitted).

As to a trial court's decision to order sentences to run consecutively,

we note:

> [T]he imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court recognizes that 42 Pa.C.S.[ ] § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. "We see no reason why [a defendant] should be afforded a 'volume discount' for his crimes by having all sentences run concurrently."
>
> However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. When determining whether a substantial question has been raised, we have focused upon "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its

face to be, an excessive level in light of the criminal conduct in this case."

***Commonwealth v. Zirkle***, 107 A.3d 127, 133-34 (Pa. Super. 2014) (citations omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015).

"[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected." ***Buterbaugh***, 91 A.3d at 1266 (citation omitted). "[A] claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." ***Zirkle***, 107 A.3d at 133 (citations omitted).

Instantly, we discern no extreme circumstance presented by the aggregate sentence of six to twelve years' imprisonment followed by three years' probation. Although the trial court sentenced consecutively in four of the eight cases, it sentenced concurrently in the remaining four cases. All of the individual sentences fell below the Sentencing Guideline's suggested mitigated ranges.[3] We further read Appellant's boilerplate assertion that the

---

[3] Appellant's prior record score was "REFEL," and the lead charge of burglary, in all cases except CR-2506-2014, had an offense gravity score of seven. The Sentencing Guidelines, therefore, suggested a minimum sentence between thirty-five and forty-five months, plus or minus six for aggravating or mitigating factors.

In CR-2506-2014, the lead offense of theft had an offense gravity score of eight because the item taken was a firearm. The Sentencing Guidelines recommended a minimum sentence between forty and fifty-two

trial court failed to consider necessary factors as a challenge to the weight given to the factors by the court. **See** Appellant's Brief at 18 (asserting court "focused on the seriousness of the offense and failed to consider protection of the community or [his] rehabilitative needs"). Thus, we find no substantial question warranting review. **See Zirkle**, 107 A.3d at 133-34; **Buterbaugh**, 91 A.3d at 1266.

In any event, were we to accept Appellant's assertion that the trial court failed to consider necessary factors, a review of the record confirms that Appellant's sentencing claim lacks merit. The court's on-the-record statements at the sentencing hearing evince its consideration of all necessary factors, including Appellant's heroin addiction and relapse before committing the instant offenses. **See** N.T., 12/15/14, at 12-14. The record reveals no further basis to disturb the sound discretion exercised by the court, and we would affirm based on the opinion of the Honorable Edward J. Borkowski. **See** Trial Ct. Op., 6/30/15, at 6-9 (concluding, *inter alia*, trial court considered all relevant factors, and "[r]ather than being a sentence that was unreasonable, harsh, and excessive, the [t]rial [c]ourt imposed a carefully crafted and reasonable, if not lenient sentence").

Judgment of sentence affirmed.

---

months, plus or minus nine months. As noted above, the trial court ordered a probationary sentence in that case.

J.S59044/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,     CRIMINAL DIVISION

APPELLEE,                   CC NO.: 201401075

                                  CC NO.: 201401076

V.                               CC NO.: 201401107

                                  CC NO.: 201401610

MICHAEL CANNON,           CC NO.: 201401611

                                  CC NO.: 201402486

APPELLANT.               CC NO.: 201402488

                                  CC NO.: 201402506

OPINION

BORKOWSKI, J.

PROCEDURAL HISTORY

Appellant was charged by eight separate informations with nine counts of burglary, eight counts of theft by unlawful taking, seven counts of receiving stolen property, and multiple summary counts for eleven criminal episodes involving residential properties and items taken in those incidents.[1]

---

[1] Appellant was charged by criminal information:(CC 201401075) with one count of burglary, one count of theft by unlawful taking, one count of receiving stolen property, one count of criminal mischief, and one summary count of retail theft; (CC 201401076) with two counts of burglary, and one summary count of criminal mischief; (CC 201401107) with two counts of burglary, and two counts of receiving stolen property; (CC 201401610) with one count of burglary and two counts of theft by unlawful taking; (CC 201401611) with one count of burglary and one count of theft by unlawful taking; (CC 201402486) with one count of burglary, one

On October 1, 2014, Appellant pled guilty to the charges at each information.

On December 15, 2014, Appellant was sentenced by the Trial Court to an aggregate term of incarceration of six to twelve years followed by three years probation.[2] Appellant was also ordered to pay restitution.

On December 23, 2014, Appellant filed a post sentence motion, which was denied by the Trial Court on May 26, 2015.

Appellant filed a timely notice of appeal on May 27, 2015.

---

count of theft by unlawful taking, and one count of receiving stolen property; (CC 201402488) with one count of burglary, one count of criminal trespass, one count of theft by unlawful taking, one count of receiving stolen property, and one summary count of criminal mischief; and, (CC 201402506) with two counts of theft by unlawful taking and two counts of receiving stolen property.

[2] Appellant was specifically sentenced as follows:

CC 201401076 Count one: burglary – two to four years incarceration;
CC 201401076 Count two: burglary – two to four years incarceration to be served concurrent to the period of incarceration imposed at count one;
CC 201401075 Count one: burglary – two to four years incarceration to be served consecutive to the period of incarceration imposed at CC 201401076 count one;
CC 201401107 Count one: burglary – two to four years incarceration to be served concurrent to the periods of incarceration imposed at CC 201401076;
CC 201401610 Count one: burglary – two to four years incarceration to be served consecutive to the period of incarceration imposed at CC 201401075;
CC 201401611 Count one: burglary – two to four years incarceration to be served concurrent to the period of incarceration imposed at CC 201401076;
CC 201402486 Count one: burglary – two to four years incarceration to be served concurrent to the period of incarceration imposed at CC 201401076;
CC 201402506 Count one: theft by unlawful taking – three years probation to be served consecutive to the period of incarceration imposed at CC 201401610;
CC 201402488 Count one: burglary – two to four years incarceration to be served concurrent to the periods of incarceration imposed at CC 201401076. Appellant was also sentenced to three years probation to be served concurrent with the period of probation imposed at CC 201402506.

3

## STATEMENT OF ERRORS ON APPEAL

Appellant raises the following claim on appeal and it is set forth exactly as he presented it within his notice of appeal:

> Whether the Court of Common Pleas imposed a sentence that was clearly unreasonable, unduly harsh and manifestly excessive, where it focused exclusively on the retributive aspects of sentencing and failed to adequately consider the need for the protection of the community and rehabilitative needs of the defendant and, thus abused its discretion?

## FINDINGS OF FACT

The Commonwealth provided the following recitation of facts at Appellant's plea proceeding:

> Had the Commonwealth proceeded to trial in the case ending 01075 -- this is a West View Police Department case -- we would have called Detective Ganster; also the victim in this case, Mr. Joseph Hadler; and our witness, Mr. William Cox.
>
> They would have testified that on or about October of 2013 spanning up until January of 2014, the Defendant burglarized Mr. Hadler's house and stole some antiques and various copper piping, and it was sold to an antique mall, and there were also things that were taken from the antique mall. There was a confession in that case.
>
> In the case ending in 01610 -- this is an Ohio Township Police Department case -- we would have called Detective Ryan Ging; also the victim, Mr. Vickinovac, V-I-C-K-I-N-O-V-A-C, who would have testified that on or about the 15th of October, roommates reported a theft of a firearm and laptop, various personal items, from the apartment. The Defendant later confessed to that. There is restitution in that case: $500 to Mr. Meyer and $700 to Mr. Vickinovac.
>
> Your Honor, in the very first case, there is $4,450 to the victim, Joe Hadler.
>
> In the third case, 02506, had the Commonwealth proceeded to trial, we would -- this is Shaler Township Police Department -- we

4

would have called Detective Benko and also the victim, Mr. Leo Cannon.

They would have testified that on or about November 2013, various things were taken from the residence, including firearms and personal property. There is no restitution that's sought in this case due to the victim being related to the Defendant.

In the case 02488 -- this is a Shaler Township Police Department case -- we would have called Detective [. . .] S-T-E-L-I-T-A-N-O; also victim Sharon Cannon; and witness Leo Cannon, and they would have testified that on or about the 21st of November 2013, there was a reported burglary at the home with theft of electronics as well as currency. There is no restitution being sought in this case. [. . .]

In the case ending 02486 -- this is a Shaler Police Department case -- we would have called Detective Benko and the victims, Sharon and Leo Cannon, parents of the Defendant.

The Defendant broke into the parents' house and stole a television from the master bedroom. The parents called the police and suspected their son as the assailant in this case. There's no restitution being sought in that.

The case ending in 01611 -- that's a Bellevue Police Department case -- we would have called Detective Mason and the victim, Mr. Timothy Knable, K-N-A-B-L-E.

Your Honor, they would have testified that on or about the 8th of December 2013, the Defendant allegedly took a TV, computer, and some gold chains, and he cut himself whenever he broke a window when he broke into the residence. Defendant admitted to stealing the items and trading them to a drug dealer for heroin. Your Honor, the amount of restitution in that case is $2,300 to Tim Knable.

Case ending in 01076 -- this is a Ross Township Police Department case -- we would have testified that on or about the 12th of December 2013, the victim, Mr. John Gasior, G-A-S-I-O-R, came home to his house, and guns and various guitars and personal items were taken from that house. He has restitution and an insurance deductible of $500 being sought in that case.

And, finally, in the case ending in 01107 -- this is a Bellevue Borough Police Department case -- we would have called Detective Dold, D-O-L-D, and the victim, Mr. Dennis Carleton, C-A-R-L-E-T-O-N, victim Christopher Banks, and the witness, Mr. William Cox, who would have testified that on or about -- in January 2014, the

Defendant was under arrest and he confessed to the commission of various other crimes, including a burglary that happened, with Dennis Carleton and Christopher Banks as the victims.

There's $3,000 in restitution for Dennis Carleton, and $120 to Mr. William Cox in this case.

Your Honor, there are confessions in all of these cases. We would have submitted them, and with that, the Commonwealth would rest.

(Guilty Plea Transcript, October 1, 2014, pp. 4-8).

## DISCUSSION

Appellant alleges in his sole claim that the Trial Court imposed an unreasonable, unduly harsh, and manifestly excessive sentence based on the argument that the Trial Court focused exclusively on the retributive aspects of sentencing and failed to adequately consider the rehabilitative needs of the defendant. This claim is without merit.

A defendant challenging the discretionary aspects of his sentence must satisfy a four-part test in order to invoke the Superior Court's jurisdiction to review his claim:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotations and citations omitted). A substantial question is raised when a defendant alleges that

6

the sentencing court failed to take into consideration certain statutory factors before sentencing a defendant. *Commonwealth v. Riggs,* 63 A.3d 780, 786 (Pa. Super. 2012). A sentence will be deemed unreasonable if a sentencing court fails to consider certain statutory factors before sentencing a defendant. 42 Pa. C.S. 9721(b) ("protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant").

Contrary to Appellant's claim, the record clearly establishes that, prior to sentencing Appellant, the Trial Court considered all relevant factors:

> The Court has taken into account the presentence report. The guidelines speak for themselves in terms of, as I indicated, in the mitigated, standard, and aggravated range[s]. The Court is certainly aware of Mr. Cannon's background. The Court has taken into account the impact of the various crimes on the victims in these matters which are stated in the presentence report and they were reiterated briefly by Mr. Phelan this morning on behalf of his uncle.
>
> The Court notes that Mr. Cannon has received a county sentence from this Court for similar type conduct all related to drug-seeking behaviors which are extensive and go back to 2008, I believe. He's had the opportunity to receive treatment locally, serve probation without verdict to probation and community supervision and the Court even extended leniency and a sentence that was imposed most recently in terms of a county sentence.
>
> He has demonstrated the ability to work productively in society and in fact made positive steps in terms of paying the full amount of restitution. However, he has relapsed on multiple occasions despite opportunities to be maintained in the community and despite opportunities in terms of professionals to help him address the issues from which he suffers from which has been characterized accurately as a disease that has, in effect ruined his life thus far in bona fide employment and being in the community for an extensive period of

7

time without relapsing. Unfortunately, these treatment facilities and treatment professionals have been unable to fully address that in a sense that it's not their failure but his failure to beat his addiction. Consequently, the Court believes that in terms of my sentencing function to his rehabilitative needs and his individual background, the Court has to take into account the severe and wide-ranging effect on the victims in these cases who have described their tranquility and safety of their home being disrupted and forever changed. Of course, he has had the opportunity to not engage in such conduct but has in fact re-engaged himself in such conduct to feed his addiction presumably and this community at this point in time deserves protection from such repeated conduct in the near future.

[. . .]

Sir, ordinarily I sentence consecutively on each count for each harm. These were separate residences in each of these instance[s]. However, in light of your family's position on the case[,] their presence and support of you, I have deviated from the standard practice in terms of separate harms. If I were to sentence you in the mitigated range on each of those counts, you would be doing 20 to 40 years; do you understand that? However, you have demonstrated a capacity for intensive rehabilitation and making restitution and holding a job. This is a significant period of time but not nearly as significant as it could have been so I will consider the matter concluded.

Sentencing Transcript, December 15, 2014, pp. 12-14, 19. As the record cited hereinabove clearly establishes, the Trial Court properly considered all statutory factors prior to sentencing Appellant in the mitigated and standard range on eleven separate incidents, and thus did not abuse its discretion in sentencing Appellant as it did. *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004) (where a pre-sentence report is reviewed, it is presumed that the sentencing court considered and weighed all required factors, and trial court did not abuse its discretion in

8

sentencing defendant to an aggregate sentence of twenty-six to one hundred years for two robberies, conspiracy to commit robbery, and burglary). *See also Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010) (appellate court will not reweigh sentencing factors where the record demonstrates that the trial court considered the facts of the crime and defendant's character in fashioning a sentence).

Rather than being a sentence that was unreasonable, harsh, and excessive, the Trial Court imposed a carefully crafted and reasonable, if not lenient sentence. Appellant's claim is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of sentence imposed by this Court should be affirmed.

By the Court,

DATE: June 30, 2015

_____ ,J.

Edward J. Borkowski

9